UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEWS GOMES DA SILVA JULIO,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX,

Respondent.

No. 1:26-cv-05514-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On July 16, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order (Doc. No. 2), a motion to proceed *in forma pauperis* (Doc. No. 3),[1] and a motion to appoint counsel (Doc. No. 4). Petitioner states in his verified habeas petition as follows. Petitioner entered the United States on April 30, 2021, he has an approved I-130 and a

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a) and is therefore granted.

pending I-485, at the appointment where petitioner's I-130 was approved, he was arrested by ICE and remained in detention 8 days until he was released on bond on January 21, 2026. (Doc. No. 1 at 9–12.) According to petitioner, after two weeks the court revoked his bond, and he turned himself into ICE that same day. (*Id.* at 16.)

On July 17, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

That same day, respondent filed a combined opposition to petitioner's motion for temporary restraining order and petition for writ of *habeas corpus*. (Doc. No. 9.) Respondent does not object to the court deciding petitioner's petition for writ of *habeas corpus* on the current briefing, and the court will do so. Respondent states that petitioner entered the United States on a tourist visa and confirms petitioner's account of being arrested on two recent occasions, explaining that the second arrest was due to the government's motion for reconsideration of the previous bond hearing. (*Id.* at 2.) The immigration court granted the motion for reconsideration based on additional evidence of a criminal arrest warrant and a police report, and petitioner was re-detained later that day, February 5, 2026. (*Id.*)

Respondent concedes that petitioner is detained pursuant to 8 U.S.C. § 1226(a) (*id.* at 1), which the undersigned has previously determined means that the petitioner can only be lawfully detained pursuant to a warrant. *Mayen v. Warden, California City Det. Ctr.*, No. 1:26-cv-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).") (citation omitted). Respondent does not argue in their opposition that either of petitioner's recent arrests by ICE were made pursuant to a warrant, respondent does not include any such administrative warrant or warrants among the attachments to their opposition, and respondent does not argue that any

exception to the warrant requirement applies in this case.[2] Therefore, the court finds that petitioner's detention is not authorized by statute and the appropriate remedy is petitioner's immediate release. *Id.*

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Matthews Gomes Da Silva Julio, A-File No. 236-120-319, from respondent's custody under the same conditions, if any, he was subject to prior to his detention on January 13, 2026;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk; and

    c. Respondent is ORDERED to return all of petitioner's documents and possessions upon his release from custody;

---

[2] Respondent does attach an I-213 form, which states that petitioner's first arrest, which took place on January 13, 2026, involved the issuance of an I-200 warrant. (Doc. No. 9-1 at 2.) However, this I-213 form also states that petitioner was encountered and inspected for immigration status before being issued a form warrant for arrest. (*Id.*) Even assuming that this unverified summary is correct, the warrant was issued after the fact, which is insufficient to satisfy the warrant requirement. *See Quiroz Fuenmayor v. Warden, California City Correction Ctr.*, No. 1:26-cv-03341-DAD-JDP (HC), 2026 WL 1266285, at *2 (E.D. Cal. May 8, 2026) ("However, in light of the events leading up to petitioner's arrest, the court draws the reasonable inference that this was an administrative warrant issued after petitioner was taken into custody, which fails to satisfy the requirements of § 1226(a)."); *Galvez-Mondragon v. Warden, California City Corr. Ctr.*, No. 1:26-cv-04801-DAD-CKD (HC), 2026 WL 1992900, at *1 (E.D. Cal. July 9, 2026) ("Given these circumstances, the record does not show that petitioner was arrested pursuant to a warrant aside from exhibits that were filed the same day as petitioner was arrested on what the court must presume constitutes an administrative warrant created after the fact."). Furthermore, no such claim regarding a warrant was made in the I-213 concerning petitioner's most recent arrest, on February 5, 2026. (Doc. No. 9-2 at 2.)

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

3. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED;

4. Petitioner's motion to appoint counsel (Doc. No. 4) is hereby DENIED as also having been rendered moot by this order granting him habeas relief;

5. The Clerk of the Court is directed to serve the Golden State Annex Detention Center with a copy of this order; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE